The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * * *
The full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. As aforementioned all stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
2. An accident report dated August 4, 1992 marked as stipulated exhibit 1 was received into evidence (two pages).
3. A cashier check receipt marked as stipulated exhibit 2 was received into evidence (one page).
4. A copy of the deposition of the plaintiff on October 3, 1994 marked as stipulated exhibit 3 was received into evidence (forty-nine pages).
5. An affidavit dated July 18, 1994 by Donald Lee Wiggins marked as stipulated exhibit 4 was received into evidence (one page).
6. Subsequent to the hearing, the parties submitted an index of medical records marked as stipulated exhibit 5. Those records were received into evidence.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-two year old female with a college degree in marketing from the University of South Carolina.
2. Plaintiff was employed by the defendant-employer as a marketing manager in charge of sales promotions. Plaintiff's duties included making sales calls regarding bowling promotions to various companies in the community in her own vehicle.
3. On or about January 8, 1992, plaintiff was thrown up against a wall and shook by the neck by her boyfriend. On January 9, 1992, plaintiff went to the emergency room at Lexington Medical Center complaining of neck pain and right shoulder pain. Plaintiff was diagnosed as having sustained a paracervical muscle spasm. Plaintiff was given painkillers and a neck brace to help alleviate her neck pain.
4. On January 20, 1992, plaintiff returned to the emergency room at Lexington Medical Center complaining of neck pain. A few days earlier, her boyfriend injured her neck in an altercation.
5. On August 4, 1992, plaintiff drove her vehicle to Wallace Computer Services in ordered to deliver bowling passes for a free bowling party at the defendant-employer's place of business. Plaintiff was late to the appointment and was in a hurry. Plaintiff was traveling on 122 Isley Drive when she turned left into a driveway across the highway and collided with a vehicle traveling in the westbound lane. Plaintiff's vehicle sustained $1,500.00 in property damage. The other parties vehicle sustained $500.00 in property damage. Plaintiff returned to work after the accident and reported the accident to her employer.
6. On the night of August 4, 1992, plaintiff experienced pain in her neck and she stayed out of work the following day. Two days after the car accident on August 4, 1992, plaintiff received a letter from a chiropractor offering plaintiff free treatment. Plaintiff stayed out of work for two weeks from August 4, 1992 to August 18, 1992 as a result of pain in her neck. Plaintiff received chiropractic treatment during this two week period.
7. Plaintiff worked for the defendant-employer from August 18, 1992 to January 15, 1993. On January 15, 1993, plaintiff voluntarily quit her job in order to seek less stressful employment. Plaintiff was asked by the manager for the defendant-employer's business to remain on the job but plaintiff elected not to do so. Plaintiff obtained employment with the Uniform Temporary Services.
8. Plaintiff did not seek medical treatment for her neck from August 18, 1992 to February 5, 1993.
9. On February 5, 1993, plaintiff went to the Emergency Room at Gaston Memorial Hospital complaining of pain and numbness involving the right upper extremity. An MRI conducted on February 9, 1993 revealed an acute soft tissue herniation lateralizing to the right at the C5-6 level. Plaintiff was hospitalized. On February 15, 1993, Dr. Siva performed a posterior cervical diskectomy with their findings of a large extruding disc at the C5-6 level.
10. On February 5, 1993 plaintiff reported to the emergency room physician that she had been experiencing pain and numbness in her right upper extremity for the last three days after she was bowling with some friends.
11. In a letter to counsel for the plaintiff dated May 30, 1995, Dr. Siva opined that the bowling incident that she reported could or might have caused the findings seen on the MRI of February 9, 1993.
12. There is insufficient expert medical evidence of record to find by its greater weight that the plaintiff's car accident on August 4, 1992 caused the neck injury treated by the chiropractor during August of 1992.
13. There is insufficient expert medical evidence of record to find by its greater weight that plaintiff's car accident on August 4, 1992 caused the neck injury reported on February 4, 1993 and surgically treated by Dr. Siva on February 15, 1993.
* * * * * * * * * * * * * *
CONCLUSIONS OF LAW
Based upon the findings of fact, the Full Commission concludes as follows:
1. There must be expert medical evidence to support the inference that the accident in question resulted in the injury.Click v. Pilot Freight Carrier, Inc., 300 N.C. 164 (1980).
2. Plaintiff has failed to prove by the greater weight of the evidence that the car accident on August 4, 1992 caused the neck injury treated by the chiropractor in August 1992 and the neck injury treated by Dr. Siva on February 15, 1993.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be under the law and the same is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ___________________________ COY M. VANCE COMMISSIONER
DCS:bjp 4/24/95